Appeal from a judgment of the Oswego County Court (James M. Metcalf, A.J.), rendered February 14, 2014. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]). “By failing to object to [County] [C]ourt’s ultimate Sandoval ruling, defendant failed to preserve for our review his contention . . . that the ruling constitutes an abuse of discretion” (People v Tolliver, 93 AD3d 1150, 1151 [2012], lv denied 19 NY3d 968 [2012]). In any event, we conclude that the court’s Sandoval ruling did not constitute a “clear abuse of discretion warranting reversal” (id. at 1151-1152 [internal quotation marks omitted]). The court properly exercised its discretion in allowing the prosecutor to cross-examine defendant with respect to his prior conviction of criminal possession of stolen property in the fifth degree, a crime involving individual dishonesty (see People v Williams, 98 AD3d 1234, 1235 [2012], lv denied 21 NY3d 947 [2013]). Contrary to defendant’s contention, the court’s Sandoval ruling was not inconsistent and contradictory merely because the court further ruled that the People could generally ask defendant whether he had been convicted of a felony and not the specific crime of burglary in the third degree. The court properly balanced the probative value of each conviction against the risk of prejudice to defendant (see People v Henry, 74 AD3d 1860, 1862 [2010], lv denied 15 NY3d 852 [2010]).
By failing to renew his motion for a trial order of dismissal *1261 after presenting evidence, defendant failed to preserve for our review his contention that the evidence is legally insufficient to establish his intent to commit a crime inside the dwelling (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]). In any event, that contention lacks merit (see People v Beaty, 89 AD3d 1414, 1416-1417 [2011], affd 22 NY3d 918 [2013]; People v Bergman, 70 AD3d 1494, 1494 [2010], lv denied 14 NY3d 885 [2010]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe. Present — Scudder, P.J., Smith, Centra, Whalen and DeJoseph, JJ.